IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE GULLY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00159-MJR |
| ) | |
| THOMAS TRICE, ) | |
| PHILLIP MCLAURIN, ) | |
| JACK DINGES, and ) | |
| RICHARD WATSON, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Ronnie Gully, Jr., a pre-trial detainee at the St. Clair County Jail ("St. Clair"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages, as well as a temporary restraining order and preliminary injunctive relief. (Doc. 1, p. 19). Plaintiff's request for immediate injunctive relief will be considered in conjunction with the Court's preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

## Merits Review Pursuant to 28 U.S.C. § 1915

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Legal Standard for Pre-trial Detainee Claims

The claims in the present action arose while Plaintiff was being held as a pre-trial detainee at the St. Clair County Jail. His claims, therefore, arise under the Due Process Clause of the Fourteenth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Although the Seventh Circuit has made it clear that pre-trial detainees are afforded "*at least* as much protection as the constitution provides convicted prisoners," the Seventh Circuit has also "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (emphasis in original) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999) (citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003)).

## The Complaint

Plaintiff has filed multiple documents with the Court.[1] These documents refer to

---

[1] Plaintiff has filed the following documents with the Court: Complaint, exhibits, and memorandum of law (Doc. 1); Motion to Appoint Counsel (Doc. 2); Motion for Temporary Restraining Order and Preliminary Injunction, declaration, and proposed order (Doc. 3); Motion for Leave to Proceed IFP (Doc. 4 and 8); Motion for Summons at Government Expense (Doc. 5); Motion to Have Mail Delivered Registered (Doc. 6); Declaration (Doc. 9); Motion

various legal actions including Plaintiff's pending criminal trial, as well as potential, but not-yet-filed, § 1983 claims. The Court has attempted to piece together facts relevant to only the present action, but it is not always clear which claims Plaintiff seeks to assert here.

To confound matters, Plaintiff has also now filed a motion for leave to amend/correct the complaint. (Doc. 13). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. An amended complaint must stand on its own, without reference to any previous pleading. The proposed amended complaint essentially seeks to supplement Plaintiff's original complaint by adding a defendant and additional facts, thus it is improper. Therefore, Plaintiff's motion to amend/correct the complaint is **DENIED**. (Doc. 13). If Plaintiff wishes to file another amended complaint, he should do so in accordance with the instructions above. The Court shall proceed with its threshold review of the original complaint (Doc. 1).

Plaintiff is a pre-trial detainee and is being held at the St. Clair County Jail while awaiting trial. (Doc. 1, p. 1). He brings this action against the following St. Clair County Jail officials: Thomas Trice (assistant superintendent), Phillip McLaurin (superintendent), Jack Dinges (lieutenant), and Richard Watson (sheriff).

On January 26, 2015, Plaintiff received a disciplinary ticket for attempting to pass notes to another detainee. (Doc. 1, p. 17). Plaintiff denies that he was passing notes and instead claims, "I tried to get my legal work back that I took to the shower to ask my aunt questions about the contents over the phone. Unfortunately, an officer retrieved it and accused me of

---

for Leave to Amend/Correct Complaint and memorandum of law in support (Doc. 13); Declaration in Support of Motion to Have Mail Delivered Registered (Doc. 14); Memorandum in Support of Motion for TRO/PI (Doc. 15).

trying to pass it to another detainee to provide legal help." (Doc. 1, p. 17). Later that day, Defendants Trice and McLaurin came to Plaintiff's cell and yelled at him about the infraction. Trice threatened to physically harm Plaintiff if he filed any additional grievances, and told Plaintiff that he "wouldn't be grieving or filing a lawsuit on anything if he has anything to do with it." *Id*.

That same day, Defendant Dinges, in compliance with an order from Defendant Trice, conducted a search of Plaintiff's cell and confiscated all of Plaintiff's legal work, pens, and paper. *Id*. Plaintiff alleges that officers told him Trice was angry because Plaintiff had filed a 5-page grievance the day before, and that Trice had ordered officers to not provide Plaintiff with any grievance forms. *Id*.

Plaintiff went to court the next day, January 27, 2015, and complained to the lawyer in his pending criminal case who then spoke to Defendant Trice. Trice agreed to return Plaintiff's legal papers related to his criminal case, but refused to return any of the books and papers related to federal civil rights cases Plaintiff intended to file. *Id*. Attached to the Complaint is a request/complaint submitted by Plaintiff on January 30, 2015 to the Jail requesting that his federal legal materials be returned. In a response dated February 2, 2015, Defendant Trice stated, "Your property will be returned in full when you show that you can follow rules and not violate jail security." *Id*. at 8. When Plaintiff attempted to appeal this response he was told by Lieutenant Nancy Sutherlin that she had been instructed by Defendant Trice not to give Plaintiff a grievance form. *Id*. at 24. Likewise, Officer Calmese told Plaintiff that he had been instructed by Trice not to give Plaintiff any grievance forms. Plaintiff also contends that on January 30, 2015, Sgt. Strogsburg told him that if he filed a lawsuit they were going to charge him with federal bribery or perjury. *Id*. at 17.

Plaintiff further asserts that Trice has been bribing other detainees in an attempt to get them to make false statements against Plaintiff. *Id*. Plaintiff alleges that another detainee, Donald Friese, told him in the presence of five other inmates that Defendants McLaurin and Trice had paid him $40 in commissary and returned his television and other property in exchange for Friese signing a statement. *Id*. at 22.

Plaintiff claims that he is being denied access to the law library, commissary, barbershop, as well as exercise and recreation privileges. *Id*. at 13. In addition, Plaintiff asserts that his incoming mail is being withheld, including four lawsuit packets he has requested from the federal courts. *Id*. at 2. Plaintiff also asserts that his cell has been searched nearly daily as a form of harassment. Plaintiff maintains that all of these actions have been taken in retaliation for his attempts to complain about the conditions and the treatment he has received at St. Clair County Jail.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1: Retaliatory Harassment**

Although Plaintiff asserts numerous claims, the gravamen of Plaintiff's complaint is that Defendant Trice has engaged in a campaign aimed at depriving Plaintiff of his constitutional rights to retaliate against Plaintiff for filing grievances and drafting complaints about the conditions of his confinement.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about the conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). To state a claim of retaliation "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the protected conduct and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

Plaintiff asserts that Defendant Trice has ordered that Plaintiff not be given any grievance forms and he has threatened retaliatory action, including physical harm, if Plaintiff continues to file grievances regarding the conditions of his confinement. In addition, Defendant Trice has refused to return Plaintiff's documents related to federal civil rights lawsuits Plaintiff wishes to file. Plaintiff further asserts that Defendant Trice has enlisted Defendant McLaurin's help in procuring false statements from other inmates against Plaintiff. Defendants Trice and McLaurin took these retaliatory actions, Plaintiff contends, after reading a grievance Plaintiff wrote.

Even if these allegations would not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267,

275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that Plaintiff has articulated a colorable retaliation claim against Defendants Trice and McLaurin.

Plaintiff's remaining claims also relate to Plaintiff's primary claim of retaliation; however, none of these claims survive, independent of the retaliation claim, for the following reasons.

**Count 2: Access to Courts**

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). This right of access extends to pretrial detainees as well as convicted prisoners. *See Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir.1993). Without a right of access to the courts, all other rights an inmate may possess are illusory, being "entirely dependent for their existence on the whim or caprice of the prison warden." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Adams v. Carlson,* 488 F.2d 619, 630 (7th Cir.1973)); *DeMallory v. Cullen,* 855 F.2d 442, 446 (7th Cir.1988).

The right to access the courts is violated when a prisoner is deprived of such access and suffers actual injury as a result. *Lewis v. Casey,* 518 U.S. 343, 350 (1996). To state a claim, a plaintiff must explain "the connection between the alleged denial of access" and "an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v.*

*Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).

Here, Plaintiff claims that mail from the courts, including complaint form packets, is being intercepted and withheld from him. While this may amount to an unconstitutional interference with Plaintiff's mail (addressed below), Plaintiff has not alleged that he has suffered an actual injury as a result of his failure to receive complaint forms.

In addition, Plaintiff asserts that Defendant Trice ordered the removal of all of Plaintiff's legal-related documents and has refused to return legal work related to federal civil rights cases Plaintiff intends to file. Plaintiff alleges that the papers were removed from his cell on January 26, 2015. Plaintiff filed this lawsuit just weeks later. The federal claims he was seeking to assert relate to events that occurred in the spring of 2014. Plaintiff has many months before he would face any filing deadlines. A "temporary confiscation of documents does not show, without more, a constitutionally significant deprivation of meaningful access to the courts." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013). A delay becomes an injury only if it results in "actual substantial prejudice to specific litigation." *Gentry v. Duckworth,* 65 F.3d 555, 559 (7th Cir.1995). Moreover, the fact that Plaintiff managed to initiate this action and filed dozens of pages of documents belies Plaintiff's allegation that he was denied access to the courts. Plaintiff asserts that he has suffered actual injury, nonetheless, because Defendants have had the opportunity to read his legal documents and discover his claims prior to him filing the actions, which he asserts puts him at some disadvantage. This general allegation of prejudice, without more, is insufficient to state an access to courts claim. *See Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003).

The part that does give the Court pause, however, is the fact that Defendant Trice has indicated that Plaintiff's legal work would be returned in full *only when* Plaintiff complied with jail rules. As discussed above, it is well-established that inmates, and certainly pre-trial detainees, have a fundamental constitutional right to access the courts; this right is not diminished when prisoners are held in segregation. *Bounds v. Smith*, 430 U.S. 817 (1977); *Alston v. DeBruyn*, 13 F.3d 1036, 1040 (7th Cir.1994). Nonetheless, Plaintiff has failed to allege that he has suffered an actual injury, and therefore this claim shall be dismissed without prejudice.

**Count 3: Interference with Legal Mail**

Inmates have a First Amendment right both to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Protection of this right is paramount when it comes to legal mail since interference may impede another constitutional right: the right to access the courts. *Id*. However, "isolated incidents of interference with legal mail" may not state a constitutional violation without a showing of "a systematic pattern or practice of interference." *See Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987), *aff'd* 854 F.2d 162 (7th Cir. 1988).

Plaintiff's allegations extend beyond "isolated incidents of interference with legal mail." He alleges that the mailroom is intercepting and withholding all of his incoming mail. He maintains that he has requested multiple litigation packets from the court, but he has never received a single one. At this juncture, Plaintiff has stated a viable claim of interference with his mail, but he has failed to name a defendant who is responsible for this action.

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer

the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). As such, this claim shall also be dismissed without prejudice.

**Count 4: Unreasonable Search of Cell**

Plaintiff complains that Defendants have conducted unreasonable searches of his cell. A prisoner, however, has no expectation of privacy in his prison cell.

> [S]ociety is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions.

*Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Accordingly, Plaintiff has no constitutional claim regarding the search of his cell and this claim shall be dismissed with prejudice. Since this is the only claim associated with Defendant Dinges, he shall also be dismissed without prejudice from this action.

**Count 5: Due Process Claim**

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of

the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Here, Plaintiff claims that he was denied due process of law when privileges were revoked prior to his disciplinary hearing. He also claims that the disciplinary hearing itself violated his rights because he was not given sufficient notice or the opportunity to call witnesses.

While not every deprivation of a protected interest triggers due process protections, the Seventh Circuit has noted that "a liberty interest may arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Correction Inst.*, 559 F.3d at 697-98 (7th Cir. 2009) (collecting cases). Plaintiff contends he received 30 days segregation following his disciplinary hearing. Thirty days of segregation under the conditions Plaintiff describes is not sufficient to implicate a liberty interest. *Id*. Hence, Plaintiff has failed to state a due process claim and this count will also be dismissed without prejudice.

**Defendant Watson**

Plaintiff lists Defendant Watson (sheriff of St. Clair County Jail), but makes no allegations against him in the body of the complaint. Plaintiff has not alleged that Defendant Watson was "personally responsible" for any alleged constitutional violation. Moreover, as discussed above, he cannot be liable merely because he supervised a person who caused a constitutional violation. Accordingly, Defendant Watson will be dismissed from this action without prejudice.

In summary, Plaintiff may proceed on his claim of retaliation (Count 1) against Defendants Trice and McLaurin. Plaintiff's access to court (Count 2), interference with legal mail (Count 3), unreasonable search of cell (Count 4), and due process (Count 5) claims are

dismissed.  In addition, Defendants Dinges and Watson are dismissed without prejudice.

## Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff has filed a motion for temporary restraining order and preliminary injunction (Doc. 3) seeking to enjoin Defendants from searching his cell or confiscating any of his possessions without making a video recording of the search and creating a written report of every item removed from the cell.  In addition, Plaintiff seeks to have all of his mail certified and registered and a receipt sent to this Court.  He also requests that all Defendants be ordered to refrain from any interactions with Plaintiff that are not recorded and that Defendant Trice be barred from interacting in any way with Plaintiff.  Finally, Plaintiff wants the Court to order that all of his privileges be reinstated.

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED.R.CIV.P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

Likewise, the United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original))**.**  In considering whether to grant injunctive relief, a district court must

weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999); *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

Although the Court is concerned about Plaintiff's claim that Defendants Trice and McLaurin are engaging in retaliatory harassment, relative to whether a temporary restraining order is warranted, the complaint does not clearly show that immediate and irreparable injury will occur if the Court does not step in prior to the prison being heard in opposition. For these reasons, a temporary restraining order is not warranted.

Without expressing any opinion on the merits of Plaintiff's other claims for relief, the Court is also of the opinion that a preliminary injunction should not be issued in this matter at this time. Plaintiff's primary complaint is that Defendants are preventing him from accessing the Court to retaliate against him for lodging other complaints. However, Plaintiff has managed to file nearly a dozen documents with this Court in just over two weeks. Plaintiff has been quite successful in his attempt to access the court and send outgoing legal mail. The Court finds that Plaintiff has failed to establish how he will suffer irreparable harm in the absence of immediate

injunctive relief. Accordingly, Plaintiff's motion for temporary restraining order and a preliminary injunction (Doc. 3) is **DENIED**.

### Additional Pending Motions

Plaintiff's motion to appoint counsel (Doc. 2) and motion to have all mail registered (Doc. 6) remain **PENDING** and shall be referred to United States Magistrate Judge Williams for a decision.

The motion for service at government expense (Doc. 5) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below for those Defendants who remain in the action. No service shall be made on the dismissed Defendants.

### Disposition

**IT IS HEREBY ORDERED** that Defendants **DINGES** and **WATSON** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may proceed on his retaliation claim (Count 1) against Defendants **TRICE** and **MCLAURIN**.

**Counts 2, 3,** and **5** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **Count 4** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **TRICE** and **MCLAURIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings, which shall include a determination on the pending motion to appoint counsel (Doc. 2) and motion to have all mail registered (Doc. 6).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 5, 2015**

s/ MICHAEL J. REAGAN
Chief District Judge