## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONNIE GULLY, JR,                    )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )     Case No. 15−cv−00159−MJR−SCW
                                     )
THOMAS TRICE and                     )
PHILLIP MCLAURIN,                    )
                                     )
                    Defendants.

## MEMORANDUM AND ORDER

**Williams, Magistrate Judge:**

### INTRODUCTION AND PROCEDURAL BACKGROUND

*Pro se* Plaintiff Ronnie Gully, Jr., brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1).   After threshold screening, one claim remains, Retaliatory Harassment by Defendants Trice and McLaurin. (Doc. 18).  The case now comes before the Court on Plaintiff's Motions to Amend Complaint (Docs. 23, 24), and Plaintiff's Motions for Reconsideration to Appoint Counsel. (Doc. 70) (Doc. 73).

On February 12, 2015, Plaintiff filed the Complaint (Doc. 1), along with a five other motions.  (Doc. 2-6).  Among these documents was a Motion to Appoint Counsel. (Doc. 2).  On February 27, 2015, Plaintiff filed a Motion to amend the Complaint (Doc. 13).  A threshold review was conducted, and an Order issued referring the case to the undersigned.  (Doc. 18).  In that Order, the Motion to amend was denied.  (Doc. 13). On April 28, 2015, Plaintiff filed a Motion to Amend the Complaint.  (Doc. 23).  Plaintiff

filed a redundant Motion to Amend two days later.  (Doc. 24).  On April 30, 2015, Plaintiff filed a second Motion for Recruitment of Counsel.  (Doc. 26).

Defendants filed an Answer to the original complaint on May 5, 2015.  (Doc. 31).  On Sept 30, 2015, the Court denied both Motions to Appoint Counsel.  (Doc. 68).  A week later the Plaintiff filed a Motion for Reconsideration on the Motions to Appoint Counsel.  (Doc. 70).  Plaintiff then subsequently filed another Motion for Recruitment of Counsel on January 5, 2016, which takes issue with the Court's earlier ruling.  (Doc. 73).

FACTUAL BACKGROUND

Plaintiff was a pre-trial detainee at the St. Clair County Jail while awaiting trial. (Doc. 1, p. 1).  On January 26, 2015, Plaintiff received a disciplinary ticket for attempting to pass notes to another detainee.  (Doc. 1, p. 17).  Plaintiff denies that he was passing notes and instead claims, "I tried to get my legal work back that I took to the shower to ask my aunt questions about the contents over the phone. Unfortunately, an officer retrieved it and accused me of trying to pass it to another detainee to provide legal help."  (Doc. 1, p. 17).  Later that day, Defendants Trice and McLaurin came to Plaintiff's cell and yelled at him about the infraction. Trice threatened to physically harm Plaintiff if he filed any additional grievances, and told Plaintiff that he "wouldn't be grieving or filing a lawsuit on anything if he has anything to do with it."  (Doc. 1, p. 17).

That same day Lieutenant Dinges, in compliance with an order from Defendant Trice, conducted a search of Plaintiff's cell and confiscated all of Plaintiff's legal work, pens, and paper.  (Doc. 1, p. 17).  Plaintiff alleges that officers told him Trice was angry

2

because Plaintiff had filed a 5-page grievance the day before, and that Trice had ordered officers to not provide Plaintiff with any grievance forms.  (Doc. 1, p. 17).

Plaintiff went to court the next day, January 27, 2015, and complained to the lawyer in his pending criminal case who then spoke to Defendant Trice.  Trice agreed to return Plaintiff's legal papers related to his criminal case, but refused to return any of the books and papers related to federal civil rights cases Plaintiff intended to file.  (Doc. 1, p. 17).  Attached to the Complaint is a request/complaint submitted by Plaintiff on January 30, 2015, to the Jail requesting that his federal legal materials be returned. In a response dated February 2, 2015, Defendant Trice stated, "Your property will be returned in full when you show that you can follow rules and not violate jail security." (Doc. 1, p. 8).  When Plaintiff attempted to appeal this response he was told by Lieutenant Nancy Sutherlin that she had been instructed by Defendant Trice not to give Plaintiff a grievance form.  (Doc. 1-1, p. 5).  Likewise, Officer Calmese told Plaintiff that he had been instructed by Trice not to give Plaintiff any grievance forms.  Plaintiff also contends that on January 30, 2015, Sgt. Strogsburg told him that if he filed a lawsuit they were going to charge him with federal bribery or perjury.  (Doc. 1, p. 17).

Plaintiff further asserts Defendant Trice has been bribing other detainees in an attempt to get them to make false statements against Plaintiff.  (Doc. 1, p. 17).  Plaintiff alleges that another detainee, Donald Friese, told him in the presence of five other inmates that Defendants McLaurin and Trice had paid him $40 in commissary and returned his television and other property in exchange for Friese signing a statement. (Doc. 1-1, p. 3).

Plaintiff claims that he was denied access to the law library, commissary, barbershop, as well as exercise and recreation privileges.  (Doc. 1, p. 13).  In addition, Plaintiff asserts that his incoming mail was withheld, including four lawsuit packets he has requested from the federal courts.  (Doc. 1, p. 2).  Plaintiff also asserts that his cell was searched daily as a form of harassment.  Plaintiff maintains that all of these actions have been taken in retaliation for his attempts to complain about the conditions and the treatment he received at St. Clair County Jail.

In Plaintiff's proposed amended Complaint, Plaintiff alleges additional retaliation.  On, April 10, 2015, after the Complaint was filed, Plaintiff had surgery to remove two of his wisdom teeth.  Afterwards, Plaintiff was returned to maximum security without any recovery instructions.  Three days later on April 13, 2015, Plaintiff's codeine medication was changed to 200mg Ibuprofen.  The new medication was insufficient to manage Plaintiff's pain.  Plaintiff wrote a complaint about his medical treatment around this time.

On April 17, 2015, Plaintiff was called to Defendant McLaurin's office.  Defendant McLaurin and Defendant Trice, along with Debra Hale, whom Plaintiff seeks to add as a Defendant, and Correctional Officer Riley were present.  While there, Plaintiff was threatened with a prison transfer, and informed he wouldn't be receiving anymore medication or medical treatment.  Plaintiff was also told any medical needs would need to be satisfied by Plaintiff's family.  Defendant Trice commented, "how that jaw feel I hope okay because you won't be receiving medicine until your family brings

or provides it."  Defendant Trice further stated, "I got something for detainees who know the law."

MOTION TO AMEND

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleadings with leave of the court if justice so requires.  A Court may deny a motion to amend where it would not survive a motion to dismiss.  **Foman, v. Davis, 371 U.S. 178, 182 (1962); Glick v. Koenig, 766 F.2d 265, 268-69 (7th Cir. 1985)**.  This policy is intended to prevent defendants from expending more labor to respond to a plaintiff's futile gesture**. Glick, 766 F.3d at 268-69**.

In the Seventh Circuit, dismissals under Fed. R. Civ. P. 12(b)(6) and § 1915A share the same standard.  **Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006)**.  On threshold review, the court shall identify cognizable claims or dismiss any portions of the complaint that are frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant with immunity.  **28 U.S.C. § 1915A(b)**.  A plaintiff cannot rest on mere labels, conclusions, or a formulaic recitation of the elements of a cause of action.  **Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)**.  A complaint must raise more than speculations, rather, it must provide plausible facts on its face. **Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)**.  In particular, where a plaintiff attempts to amend his Complaint, he must do more than restate the same facts using different language, or reassert previously dismissed claims. **Garcia v. City of Chicago, Ill., 24 F.3d 966, 970 (7th Cir. 1994) (citing** Wakeen v. Hoffman House, Inc.**, 724 F.2d 1238, 1244 (7th Cir. 1983))**.  It is not an abuse of discretion for a district

5

court to refuse to grant leave to amend where the proposed amended complaint states no new claims—such a complaint would be futile. *Id.* An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* **354 F.3d 632, 638 n.1 (7th Cir. 2004).**

In the proposed amended complaint, Plaintiff states he wrote a grievance on or around April 13, 2015, about post-operation housing, and an inadequate pain medication prescription. Later on April 17, 2015, Defendants Trice and McLaurin, along with Defendant Debra Hale plus another Correctional Officer, called Plaintiff into Defendant McLaurin's Office. Once there, Defendants verbally retaliated against Plaintiff for filing the medical grievance, and threatened Plaintiff with a prison transfer,[1] as well as expressing a denial of all future medical treatment. Plaintiff summarizes the encounter with a comment made by Defendant Trice, "I got something for detainees who know the law."

Regardless of the merits of Plaintiff's claim regarding retaliation on April 17, 2015, it does not belong in this suit. The facts of the amended complaint are completely unrelated to the facts upon which this case was filed, and the amended complaint also includes a new Defendant. Thus, the facts alleged constitute a separate and distinct event upon which relief may be granted. The Seventh Circuit has emphasized that unrelated claims against different Defendants belong in separate law suits, "not only to prevent the sort of morass" produced by multi-claim, multi-party suits but also so that

---

[1] This allegation is disingenuous at best. Plaintiff was housed at St. Clair County Jail as a pre-trial detainee. While there, he was eventually tried and convicted and transferred to the Illinois Department of Corrections. Plaintiff's stay at the jail was always going to be temporary.

the Court may collect the appropriate filing fees. *George v. Smith*, **507 F.3d 605, 607 (7th Cir. 2007)**. If Plaintiff wishes to bring claims regarding his April 17, 2015, retaliation he must file a separate lawsuit and incur another filing fee. If the Court receives another Complaint addressing those claims without mentioning the claims present in this case, it will presume that Plaintiff, having been told to file a separate suit, is attempting to do so, and will screen the case pursuant to § 1915A and assess the appropriate fees.

Additionally, an amended complaint must stand on its own, without reference to any previous pleading. The Court will not accept piecemeal amendments to the original complaint. The proposed amended complaint details events that occurred after the Complaint was filed. Plaintiff essentially seeks to supplement Plaintiff's original complaint by adding a defendant and additional facts. However, an amended complaint supersedes and replaces the original complaint, thus removing from the case facts upon which this case was originally filed. Consequently, Plaintiff's motion to amend/correct the complaint is **DENIED**. (Docs. 23, 24).

### APPOINTMENT OF COUNSEL

As a litigant in a civil case, Plaintiff has no right to counsel. ***Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).** However, this Court has discretion to recruit counsel to represent indigent plaintiffs in appropriate cases. ***Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).** Determining whether to appoint counsel is a two-step inquiry. ***Pruitt*, 503 F.3d at 655**. The threshold is whether the indigent plaintiff has made a reasonable attempt to obtain counsel. ***Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010).** Only if the threshold has been met will the Court consider the second prong,

whether the plaintiff appears competent to litigate the case given its difficulty.  ***Pruitt,***
***503 F.3d at 655.***

Plaintiff moves this Court to reconsider its Order denying the appointment of
counsel.  (Doc. 68).  Plaintiff also argues that the Court misapplied the law.  (Doc. 73).
The Court will treat Plaintiff's requests as a renewed motion for appointment of
counsel.  However, Plaintiff has not submitted additional information or evidence for
the Court to consider.  Consequently, there has been little change to the record.

In Plaintiff's renewed motion, his primary contention is the Court records were
not prudently reviewed in consideration of the original motions.  (Doc. 70, p. 2).  The
Court previously found Plaintiff had not met the first prong of the test because he
attempted to contact a single law firm, which occurred seven months before filing the
complaint.  (Doc. 68, p. 2).  Consequently, the Court found that the Plaintiff had not
made a reasonable attempt to retain counsel, thus failing the threshold prong.

Plaintiff contends there are additional exhibits demonstrating efforts to retain
counsel from the "Uptown People Law Clinic, the ARDC Bar Association, Johnathan
Shulans firm and many more." (Doc. 70, p. 2; *See also* Doc. 2, p. 2). Plaintiff contends
these exhibits were filed with the Court on February 12, 2015, and April 30, 2015. (Doc.
70, p. 2).  After an exhaustive review of the Court's record, these exhibits are not in the
official record before the Court.  The only evidence available in this regard has been
considered, and Plaintiff has not provided adequate proof of Plaintiff's reasonable
efforts to retain counsel.

In Plaintiff's most recent motion, he argues that the Court did not properly consider *Montgomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002) or *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981). *Montgomery* is a case decided by the Third Circuit Court of Appeals. This Court is part of the Seventh Circuit, and therefore Third Circuit cases are not binding upon it. *Maclin*, while a Seventh Circuit case, is almost 35 years old, and has been superseded by *Pruitt*, which is the current standard for deciding when to apply counsel. Plaintiff also argues that the Court did not consider whether Plaintiff needed counsel. That is true, but only because Plaintiff has not made his threshold showing of proving that he has made a reasonable effort to recruit counsel on his own. Until such time as Plaintiff makes that showing, the Court will not consider whether Plaintiff is competent to litigate his case.

Consequently, the court will not recruit counsel to represent Plaintiff at this time because Plaintiff has failed to make the threshold showing. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least three attorneys regarding representation in this case prior to filing another motion, (2) include in the motion the names and address of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Accordingly the Plaintiff's motions to appoint counsel (Doc. 70) (Doc. 73) are **DENIED without prejudice**.

**CONCLUSION**

Accordingly, the Court **DENIES without prejudice** the Plaintiff's Motion to Amend his Complaint (Docs. 23, 24), and the Court **DENIES without prejudice** the Plaintiff's renewed Motions to Appoint Counsel. (Doc. 70) (Doc. 73).

**IT IS SO ORDERED**

**Date:** January 6, 2016                                    _/s/ Stephen C. Williams_
                                                            **Stephen C. Williams**
                                                            United States Magistrate Judge